CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSHUA MALIK COLEMAN, ) | Civil Action No. 7:18-cv-00018 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| DANVILLE POLICE ) | | |
| DEPARTMENT, et al., ) | By: | Hon. Jackson L. Kiser |
| Defendants. ) | | Senior United States District Judge |

Joshua Malik Coleman, a Virginia prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983, naming the Commonwealth's Attorney for the City of Danville, the Danville Police Department, and police officers as defendants. Defendants filed motions to dismiss, and after each motion, the Clerk issued a Notice that advised Plaintiff that the motions had been filed and that Plaintiff had twenty-one days from each motion to file a response. The Notices further advised:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their [sic] responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion . . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

Notice (ECF Nos. 28, 36) (original emphasis). Subsequently, several defendants also filed a motion to dismiss for lack of prosecution.

Plaintiff did not respond to the Notices or to the motions, and the Notices were not returned to the court as undeliverable. Pursuant to the Notices and the motion to dismiss for lack of prosecution, I find that Plaintiff has failed to prosecute this case. Accordingly, the complaint is dismissed without prejudice for Plaintiff's failure to prosecute, pursuant to Fed. R. Civ. P.

41(b), and all pending motions are denied without prejudice as moot. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**ENTER**: This 20th day of June, 2018.

Senior United States District Judge